BOOTH NEWSPAPERS, INC v MIDLAND CIRCUIT JUDGE

Docket No. 79947. Submitted January 23, 1985, at Lansing.—Decided
    September 3, 1985. Leave to appeal applied for.

    Booth Newspapers, Inc., Midland Publishing Company and the
    Michigan Press Association filed motions in Midland Circuit
    Court, seeking intervention in the pending case between Dow
    Chemical Company and Consumers Power Company and re-
    questing that the court vacate certain protective orders in that
    case. The protective orders had been entered by the Midland
    Circuit Court, David S. DeWitt, J., on stipulation of the parties
    in the Dow-Consumers case and, in essence, barred access by
    the public to pretrial discovery documents. Judge DeWitt de-
    nied the motions. Thereafter Booth Newspapers, Inc., Midland
    Publishing Company and the Michigan Press Association filed a
    complaint in the Court of Appeals, seeking an order of superin-
    tending control directing Judge DeWitt to vacate the existing
    protective orders and to allow plaintiffs to intervene in the
    Dow-Consumers case for the limited purpose of representing
    the public's interest with respect to any protective orders
    requested in the future. *Held:*

        1. To the extent that the protective orders refer to documents
    which have not been filed with the court, any vacation of the
    protective orders would be pointless, since it is clear that
    neither the parties, Dow and Consumers, nor the nonparty
    which is supplying a good deal of the discovery information,
    Bechtel Power Corporation, desire that the information be
    released. Accordingly, even if the protective orders were va-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] Am Jur 2d, Depositions and Discovery §§ 84 *et seq.*
    Assertion of privilege in pretrial discovery proceedings as preclud-
    ing waiver of privilege at trial. 36 ALR3d 1367.

[2] Am Jur 2d, Newspapers, Periodicals, and Press Associations §§ 20
    *et seq.*
    What constitutes legitimate research justifying inspection of state
    or local public records not open to inspection by general public.
    40 ALR4th 333.

cated, plaintiffs would be unable to secure any documents which had not been filed with the circuit court.

2. The press has no greater right to access to information than does the general public.

3. Neither the press nor the general public have an absolute right of access to the court file in a case where litigation is still pending. While the press and general public have a right of access to a court file where the file is being held by the court clerk and is not subject to a protective order, a court may properly deny access by the press and public to a court file during the pendency of a case where the protective order is entered on stipulation of the parties.

4. The trial court did not abuse its discretion in denying plaintiffs' motion for intervention.

Complaint dismissed.

1. Superintending Control — Protective Orders — Evidence — Pretrial Discovery — Standing.

A newspaper lacks standing to seek superintending control to compel a circuit court to remove a protective order which prohibits the parties of a lawsuit from divulging confidential pretrial discovery information to the extent that the protective order refers to documents which are not made part of the court record and where the protective order was granted by the court at the behest of the parties to the suit, since under those circumstances it is clear that an order of superintending control requiring the lifting of the protective order with respect to those documents would not afford the newspaper its requested relief, access to the documents.

2. Newspapers — Access to Information.

The press does not have any special right of access to information not available to the public generally nor does the press have a greater right to gather information for the sake of news than does the general public.

3. Courts — Court Files — Newspapers — Protective Orders.

Neither the press nor the general public have an absolute right of access to the court file in a case where the litigation is still pending; while the press and general public have a right of access to a court file while that file is in the hands of the court clerk and is not subject to a protective order, a court may properly deny access by the press and public to a court file during the pendency of the case and until the conclusion of proceedings on appeal.

*Burke, Rennell & Hood (by E. Edward Hood)*

and *Keywell & Rosenfeld* (by *Phillip B. Maxwell*), for plaintiffs.

*Clark, Klein & Beaumont* (by *Lawrence M. Scoville, Jr., J. Walker Henry, Richard C. Marsh, P. Robert Brown* and *Lenora P. Ledwon*), for Bechtel Power Corporation.

*Schneider & Handlon* (by *Tad J. Eastman*), for the circuit judge.

*Barris, Sott, Denn & Driker* (by *Eugene Driker, Sharon M. Woods* and *John P. Timmony*), for Consumers Power Company.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR. and M. F. SAPALA,* JJ.

D. E. HOLBROOK, JR., J. Plaintiffs, Booth Newspapers, Inc., Midland Publishing Company and the Michigan Press Association, seek an order of superintending control directing the Midland Circuit Court to grant their demand for intervention in a pending case between Dow Chemical Company and Consumers Power Company which will thereby permit plaintiffs full access to pretrial discovery information in the Dow-Consumers case.

The instant action arises out of litigation concerning the construction of the Midland Nuclear Plant. Dow, upset with the slow pace of construction, announced it was withdrawing from participation in the project and brought suit in Midland Circuit Court against Consumers for reimbursement of monies previously advanced. Consumers counterclaimed, alleging wrongful renunciation of the contract. That case is still pending. *Dow Chem-*

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

*ical Co v Consumers Power Co,* Midland County Circuit Court No. 83-002232-CK-D.

The general contractor, Bechtel Power Corporation, has released many documents to the parties, relying on protective orders of the trial court to keep such information confidential. Bechtel is not a party to the main suit but, in its participation in the discovery, has delivered about a half million pages of information to Dow and Consumers.

Following the trial court's refual of plaintiffs' access to court-protected information, plaintiffs filed a complaint for superintending control. This Court then issued a show cause order on September 21, 1984, directing Dow, Consumers and Bechtel to show cause why the relief requested in the complaint, *i.e.* an order directing the Midland Circuit Court to vacate the protective orders and to allow plaintiffs to intervene, should not be granted. Pursuant to such order, the instant case is presently before us for plenary consideration.

The issues before us for determination are: (1) whether plaintiffs have the right, either constitutionally or via common law, to access to the pretrial discovery information that is now subjected to protective orders; (2) whether the trial court abused its discretion in the issuance of the protective orders; (3) whether the trial court erred in its denial of intervention by the plaintiffs; and (4) whether superintending control is the appropriate remedy for plaintiffs to seek in this cause.

Our review of the record reveals that the documents plaintiffs seek to have released are in two different locations. Some of the documents are on file with the court, while other documents have merely been exchanged between the parties and have not yet been filed with the court and may never become a part of the court record. We find it necessary to separately discuss and analyze the

propriety of the protective orders as they relate to the documents which have not been filed with the court and the propriety of the protective orders as they relate to documents which have been filed with the court.

I. Documents not a part of the court file.

We hold that plaintiffs lack standing as to these documents and dismiss the complaint for superintending control to the extent that it relates to such documents. Plaintiffs' claim of standing is predicated on its First Amendment right to gather information, and they allege that were it not for the protective orders, the parties would be free to disseminate the information. While this may be sufficient to constitute an injury in fact, we fail to find that plaintiffs' alleged injury can be fairly traced to the action of the court or that it would likely be redressed by a favorable decision. *Oklahoma Hospital Ass'n v Oklahoma Publishing Co,* 748 F 2d 1421 (CA 10, 1984).

Even if we were to lift the protective orders, it does not follow that plaintiffs can compel defendants to disseminate documents in their possession. The real parties in interest have not appealed from the imposition of the protective orders. In fact, such orders were imposed only after the real parties had agreed and stipulated to the terms and conditions of production of documents.

II. Documents on file with the court.

It is clear that the press does not have any special access to information not available to the public generally.[1] *Zemel v Rusk,* 381 US 1, 16-17; 85 S Ct 1271; 14 L Ed 2d 179 (1965), and *Branzburg v Hayes,* 408 US 665, 684; 92 S Ct 2646; 33 L Ed 2d 626 (1972). Nor does the press have a

[1] This point was acknowledged by counsel for the media plaintiffs at oral argument.

greater right to gather information for the sake of news than does the general public. *Pell v Procunier,* 417 US 817, 833-835; 94 S Ct 2800; 41 L Ed 2d 495 (1974).

Plaintiffs cite *Seattle Times Co v Rhinehart,* — US —; 104 S Ct 2199; 81 L Ed 2d 17 (1984), for the proposition that a trial court may restrict public access to pretrial discovery materials not yet admitted into evidence only upon a showing of "good cause". See, GCR 1963, 306.2. Plaintiffs have interpreted *Rhinehart* too broadly. The issue in *Rhinehart* was "whether a *litigant's* freedom comprehends the right to disseminate information *that he has obtained pursuant to a court order* that both granted him access to that information and placed restraints on the way in which the information might be used". 81 L Ed 2d 26 (emphasis supplied). In this case, we are concerned with the rights of the public, not those of the parties to the underlying litigation.

"Moreover, pretrial depositions and interrogatories are not public components of a civil trial. * * * Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Rhinehart,* 81 L Ed 2d 27.

Chief Justice Burger, concurring in *Gannett Co v DePasquale,* 443 US 368, 396-397; 99 S Ct 2898; 61 L Ed 2d 608 (1979), said:

"[D]uring the last 40 years in which the pretrial processes have been enormously expanded, it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than *wholly private to the litigants.* A pretrial

deposition does not become a part of a 'trial' until and unless the contents of the deposition are offered in evidence. * * *

"For me, the essence of all of this is that by definition 'pretrial proceedings' are exactly that." (Emphases supplied.) Quoted with approval in *Houston Chronicle Publishing Co v Hardy,* 678 SW2d 495 (Tex App, 1984), *cert den* — US —; 105 S Ct 1754; 84 L Ed 2d 817 (1985).

Additionally, "to the extent that courthouse records could serve as a source of public information, access to that source customarily is subject to the control of the trial court". *Rhinehart,* 81 L Ed 2d 27, fn 19.

In *Nixon v Warner Communications, Inc,* 435 US 589; 98 S Ct 1306; 55 L Ed 2d 570 (1978), the Court held that neither the First Amendment nor the Sixth Amendment guaranty of a public trial required public access to tapes, even after the tapes were admitted as evidence at trial. See also, *In re Midland Publishing Co, Inc,* 113 Mich App 55; 317 NW2d 284 (1982), *aff'd* 420 Mich 148; 362 NW2d 580 (1984). In *Nixon,* the Court noted there had been no restriction on "any information in the public domain", since the press was permitted to listen to and was furnished transcripts of the tapes. 435 US 609. There was, therefore, "no question of a truncated flow of information to the public". *Id.* The Court emphatically rejected the claim that the First Amendment guarantees the right to copy and publish exhibits and other materials displayed in open court.[2]

Michigan has long held that the public is not entitled to access of courthouse records until after the trial has at least commenced in open court.

[2] As to the Sixth Amendment question the Court stated:

"The requirement of a public trial is satisfied by the opportunity of members of the public and the press to attend the trial and to report what they have observed". 435 US 610.

*Park v Detroit Free Press Co,* 72 Mich 560; 40 NW 731 (1888); *Schmedding v Wayne County Clerk,* 85 Mich 1; 48 NW 201 (1891). The protective order issued in this case does not extend to matters which will be admitted at trial, thus plaintiffs are not denied their right to be present at trial or to report on all evidence admitted at that time. *Estes v Texas,* 381 US 532, 541-542; 85 S Ct 1628; 14 L Ed 2d 543 (1965); and *Cox Broadcasting Corp v Cohen,* 420 US 469, 492-493; 95 S Ct 1029; 43 L Ed 2d 328 (1975). At the conclusion of the proceedings, the records become public property and there is no longer any reason to withhold the information unless good cause is shown.

Under MCR 2.302(H) discovery materials are only required to be filed if they are to be used at trial or in connection with a motion or as an exhibit. Only those discovery materials will be considered a part of the record on appeal. Accordingly, even after the proceedings are concluded, any materials that contain a trade secret or other confidential research, MCR 2.302(C)(8), or taken only for discovery purposes and agreed upon not to be admitted into open court, MCR 2.302 (C)(7), may still not be available for public perusal.

While the litigation is pending, the media does not have an absolute right of access to the court file. Such pretrial publicity may result in a litigant's being unable to have a fair trial, *Houston Chronicle, supra.* Additionally, while a matter is before the court, whether it be the circuit court or an appellate court, the record will often be in the direct custody of a judge rather than on file in the clerk's office. To require the judge who has immediate control of the record to respond to demands for copies or inspection of the materials in the record could pose a substantial burden on the decisional process. As the Michigan Supreme

Court indicated in *Schmedding, supra,* p 4, public access to the records of pending litigation could be denied until a "final determination" of the action was reached. We adopt this rule and extend it until the conclusion of proceedings on appeal, and the return of the record to the circuit court clerk. MCR 7.210(I).

Accordingly, during the pendency of the action the plaintiffs as well as the general public have access to the court file if it is in the possession of the court clerk, subject to the limitations discussed herein relating to protective orders. Plaintiffs have no right to any documents which were not filed with the court but were merely exchanged between the parties.

By this decision we do not place any restraints on the media to publish any information or document they acquire from any source. We have simply defined the extent to which the media and the general public have a right to obtain documents which have been either filed with the court or exchanged between the parties during the pendency of a case.

Further, we find that the trial court did not abuse its discretion in denying plaintiffs' intervention. GCR 1963, 309.1(3) requires an applicant for intervention to be bound by a judgment in the cause. We fail to see how plaintiffs will be affected in any way by the outcome of the contract suit between defendants.

Therefore, the complaint for superintending control is dismissed. Costs to defendants.